UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DUSTIN ABSHER, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) ) ) |  |  |
| v. | ) ) | No. | 2:22-CV-138-DCLC-CRW |
| JEFF CASSIDY, CHIEF CARSWELL, CAPTAIN DILLARD, JUSTIN MUTTER, OFFICER SAMPSON, OFFICER JOHNSON, and OFFICER FULLER, | ) ) ) ) ) |  |  |
| Defendants. | ) ) |  |  |

**MEMORANDUM AND ORDER**

Plaintiff, an inmate in the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and his prison trust account statement [Doc. 6]. For the reasons set forth below, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* and this action will proceed only as to Plaintiff's claim that Defendants Officer Mutter, Officer Sampson, Officer Johnson, and Officer Fuller used excessive force against him, and his request for monetary relief based on this claim.

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 4] and prison trust account statement [Doc. 6] that he cannot pay the filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. Also, the Clerk is **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Plaintiff's Allegations

According to Plaintiff's complaint, on September 22, 2022, Defendants Officer Sampson, Officer Johnson, and Officer Fuller came to Plaintiff's cell and asked for his tablet [Doc. 1 p. 3–4]. Plaintiff stood up from his bed and tried to talk the officers out of coming in his cell, but they were adamant about searching his "bed area" [*Id.* at 4]. Defendant Officer Mutter arrived and told Plaintiff to "'step aside,'" and Plaintiff obeyed [*Id.*]. Defendant Officer Mutter then told the other officers to "grab" Plaintiff, and the other officers took control of Plaintiff's hands [*Id.*]. Defendant Officer Mutter "scream[ed]" for Plaintiff to turn around with his hands behind his back and stop resisting, and unspecified officers then put Plaintiff's hands in cuffs and twice slammed his face into the steel wall in a manner that caused Plaintiff's eyebrow and forehead area "to gash wide

open . . . [and] bleed non-stop for [at least] 24 hours" [*Id.*]. Plaintiff states that he was never "belligerent, non-compliant, or aggressive toward any officer" and instead obeyed all commands, including those of Defendant Officer Mutter, and that all of this is on camera [*Id.*].

Plaintiff takes daily medication for seizures and recently had brain hemorrhaging due to a cerebral aneurysm [*Id.*]. According to Plaintiff, the September 22 incident was excessive force that could have caused him more brain hemorrhaging or other problems [*Id.*].

Also, while Plaintiff was being escorted to medical after the incident in his cell, Defendant Officer Mutter made violent threats until "his own officers had to tell him to stop" [*Id.* at 4–5]. Plaintiff reiterates that he never threatened or posed a threat to any officer but instead "was victimized and was treated unjust[ly], unfairly, and unaccordingly [sic]" [*Id.* at 5]. Further, while a medical provider "cleaned, dressed, and took pictures of [Plaintiff's] wound," Plaintiff later made several attempts to have medical clean and dress the wound again that "have been denied" [*Id.*].

Plaintiff states that Sullivan County Jail has a prisoner grievance system that he did not utilize before filing his complaint [*Id.* at 2]. Plaintiff explains that he spoke to multiple lieutenants and other officers and "was advised to file a 1983 form immediately" and that "[t]his matter needs to be heard and solved by the proper courts" [*Id.*].

Plaintiff has sued Sheriff Jeff Cassidy, Chief Carswell, Captain Dillard, Officer Justin Mutter, Officer Sampson, Officer Johnson, and Officer Fuller [*Id.* at 1, 3]. As relief, Plaintiff requests that Defendant "Officer Mutter [] be relieved of his duties and $250,000 for current and possible future pain and suffering" [*Id.* at 6].

B.    Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim

3

for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983.

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

    **C.**    **Analysis**

        **1.**    **Defendants Sheriff Cassidy, Chief Carswell, and Captain Dillard**

First, Plaintiff's complaint does not provide any facts from which the Court can plausibly infer that Defendant Sheriff Cassidy, Defendant Chief Carswell, or Defendant Captain Dillard was personally involved in any violation of his constitutional rights, and these Defendants cannot be

4

liable under § 1983 based solely on the acts of others. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983 (internal quotation marks and citations omitted)); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to these Defendants, and they will be dismissed.

### 2. Officers Mutter, Sampson, Johnson, and Fuller

To the extent that Plaintiff seeks to hold Defendants Officer Mutter, Officer Sampson, Officer Johnson, and Officer Fuller liable under § 1983 for his inability to receive additional medical care for his alleged injury, he has not alleged that these Defendants were personally involved in denying his requests for such care. As such, Plaintiff's medical care allegations fail to state a claim upon which relief may be granted under § 1983 as to these Defendants. *Id.*

Also, this Court does not have the authority to terminate Defendant Officer Mutter. *Dickson v. Burrow*, No. 5:19-CV-P163-TBR, 2019 WL 6037671, at *2 (W.D. Ky. Nov. 14, 2019) (citing *Ross v. Reed*, No. 1:13-CV-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) for its holding that "[t]he Court has no authority under § 1983 to direct the . . . police department to

5

initiate any disciplinary proceedings against its employees" and *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) for its holding that a court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). As such, Plaintiff's request for this relief is not cognizable in this action.

However, as the Court can plausibly infer that Defendants Officer Mutter, Officer Sampson, Officer Johnson, and Officer Fuller may have used excessive force against Plaintiff, Plaintiff's request for monetary relief for this claim will proceed against these Defendants at this time.[1]

### III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 except as to his claim that Defendants Officer Mutter, Officer Sampson, Officer Johnson, and Officer Fuller used excessive force against him, and his request for monetary relief based on this claim;

---

[1] As set forth above, Plaintiff's sworn complaint indicates that he filed this action prior to filing a grievance even though the jail had an available grievance procedure [Doc. 1 p. 2]. However, as Plaintiff specifies in his complaint that he decided to do so after talking to "multiple [lieutenants] and other officers," as he was "advised to file a 1983 form immediately" [*Id.*], the Court will not dismiss the complaint due to Plaintiff's failure to exhaust his administrative remedies based on the face of the complaint but instead will reserve this issue for summary judgment. *Ross v. Blake*, 578 U.S. 632, 643–44 (2016).

6. Accordingly, Defendants Sheriff Cassidy, Chief Carswell, and Captain Dillard are **DISMISSED**;

7. Also, Plaintiff's claim regarding medical care and Plaintiff's request for Officer Mutter to be terminated are **DISMISSED**;

8. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Officer Mutter, Officer Sampson, Officer Johnson, and Officer Fuller;

9. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this order;

10. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

11. Service on Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

12. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed without further notice;

13. Defendants Officer Mutter, Officer Sampson, Officer Johnson, and Officer Fuller shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant; and

14. Plaintiff is **ORDERED** to immediately inform the Court and Defendants Officer Mutter, Officer Sampson, Officer Johnson, and Officer Fuller or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge