UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DUSTIN ABSHER, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) ) ) |  |  |
| v. | ) ) | No. | 2:22-CV-138-DCLC-CRW |
| JUSTIN MUTTER, OFFICER SAMPSON, OFFICER JOHNSON, and OFFICER FULLER, | ) ) ) ) ) |  |  |
| Defendants. | ) |  |  |

# MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On July 6, 2023, the Court entered an order in which it (1) noted that Plaintiff had failed to return completed service packets for all Defendants or request that the Court reissue a summons for Defendant Mutter that the United States Marshals Service returned as unexecuted; (2) required Plaintiff to show good cause as to why the Court should not dismiss this action pursuant to Rules 4(m) and/or 41(b) of the Federal Rules of Civil Procedure within fifteen days of entry of that order; and (3) notified Plaintiff that the Court would dismiss this action without further notice if he failed to timely comply [Doc. 11 p. 1–2]. Plaintiff has not complied with this order or otherwise communicated with the Court, and his time for doing so has passed. Thus, for the reasons set forth below, the Court will dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than ninety days have passed since Plaintiff filed his complaint [Doc. 1], and Plaintiff has not proactively pursued service on Defendants. And while the Court gave Plaintiff notice of that this action may be dismissed pursuant to Rule 4(m) unless he showed good cause, he has not done so. As such, this action is

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's previous order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the order but chose not to comply. As to the second factor, the Court finds that Plaintiff's failure to comply with the order has not prejudiced Defendants. As to the third factor, as the Court noted above, the Court warned Plaintiff that failure to timely comply with that order would result in this action being dismissed [Doc. 11 p. 2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is proceeding *in forma pauperis* in this action and has failed to comply with clear instructions, and it does not appear that he seeks to prosecute this action.

---

subject to dismissal without prejudice under Rule 4(m). *Id.* But as this action also is subject to dismissal under Rule 41(b), the Court will dismiss on this ground instead.

On balance, the Court finds that these factors support dismissal of this action under Rule 41(b). The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's previous order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b), and the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/Clifton L. Corker
United States District Judge
